**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFTON CITY BOARD OF EDUCATION, *Plaintiff*, v. A.G. and B.G. o/b/o S.G., *Defendants*. | Civil No.: 25-12330 (KSH) (MAH) **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

In February 2025, defendants, who are the parents of S.G., a 9-year-old student ("the parents"), filed a due process petition in the Office of Administrative Law under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, contesting the IEP for S.G. that had been proposed by plaintiff, the Clifton City Board of Education ("the District"). The matter is scheduled to be heard on July 17, 22, and 23, before Administrative Law Judge Julio C. Morejon.

In advance of those hearings, on June 30, 2025, the District filed in this Court a complaint and accompanying emergent motion to stay (D.E. 1),[1] seeking a declaratory judgment that it does not have to comply with a pre-hearing discovery order ALJ Morejon issued on June 3, 2025 (Count One), and "preliminary and injunctive relief restraining and enjoining enforcement" of ALJ Morejon's order (Count Two). The parents have opposed the emergent relief sought and have also moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or alternatively, Rule 12(b)(6) for failure to state a claim.

---

[1] The motion was docketed as an attachment to the complaint.

1

(D.E. 8.) The Court ordered the District to file any opposition to the parents' motion along with its reply in support of its emergent motion. (D.E. 9). The District's submission was timely made. (D.E. 10.)

The Court need not look further than the pleadings to conclude that this matter must be dismissed. *G.W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022) (facial challenge to subject matter jurisdiction looks to whether complaint allegations, assumed to be true, "allege facts sufficient to invoke the jurisdiction of the district court" (cleaned up)).[2]

As the parents point out, the nature of this lawsuit—an interlocutory appeal from a discovery ruling—runs directly counter to the administrative exhaustion requirement of the IDEA. (D.E. 8-1, at 2-5.) The statutory provision under which the District has brought this action, 20 U.S.C. § 1415(i)(2)(A) (*see* D.E. 1), permits only a party "aggrieved by the *findings and decision* made under subsection (f) . . ." to bring an action in federal court. *Id.* § 1415(i)(2)(A) (emphasis added).[3] Under subsection (f)(1)(A), an impartial due process hearing may be held when a complaint has been made "with respect to . . . the identification, evaluation, or educational placement . . . , or the provision of a free appropriate public education" to a child. *Id.* § 1415(f)(1)(A), (b)(6).

The "findings and decision" contemplated by § 1415(i)(2)(A) refer to the decision resulting from the due process hearing, or to a decision of the ALJ that otherwise completely dismisses or fully resolves the dispute between the parties at the administrative level. *See*

---

[2] The District is incorrect that the Court cannot dismiss the action if it lacks jurisdiction. (D.E. 10, at 1.) Whether as a consequence of a motion under Fed. R. Civ. P. 12(b)(1) or *sua sponte* under Fed. R. Civ. P. 12(h)(3), dismissal is the appropriate course of action for a lack of subject matter jurisdiction. *See, e.g.*, *Haddonfield Borough Bd. of Educ. v. M.L.*, 2023 WL 2237968 (D.N.J. Feb. 27, 2023) (O'Hearn, J.) (*sua sponte* dismissal).
[3] The other subsection mentioned in that provision, § 1415(k), is not applicable here.

*Hopewell Valley Reg'l. Bd. of Ed. v. J.R.*, 2016 WL 1761991, at *3 (D.N.J. May 3, 2016) (Wolfson, J.) ("With respect to [§ 1415(f)], federal courts are only provided with subject matter jurisdiction over civil actions concerning (1) the findings and decision issued by an ALJ after a due process hearing, or (2) a decision of an ALJ which 'completely dismisses' the matter on motion." (quoting *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087, 1090 n.12 (9th Cir. 2012)); *see also G.W.*, 28 F.4th at 470 (ALJ's "Decision Approving Settlement" was appealable under the circumstances; "We consider a party to be 'aggrieved by the findings and decision' of an ALJ when they articulate a challenge to the ALJ's basis for entry of a final judgment."); *Jackson Twp. Bd. of Educ. v. D.B. o/b/o Y.B.*, 2023 WL 6690473, at *4 (D.N.J. Oct. 12, 2023) (Shipp, J.) ("[T]he Third Circuit has advised that while the IDEA grants the district court subject matter jurisdiction over certain appeals, the IDEA is clear that plaintiffs should complete the administrative process before resorting to a review by the district court. In essence, district courts should avoid premature intervention in the administrative process." (citing *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778-79 (3d Cir. 1994)).

ALJ Morejon has not begun to take testimony let alone made findings and a decision, nor has he otherwise completely resolved or dismissed the matter. The timing of the District's application presumes an ongoing oversight role for this Court with respect to administrative due process proceedings that the statute does not grant it, and courts in this district and elsewhere regularly dismiss actions like this.[4] Were the Court to superintend as requested, it would be

---

[4] *See Jackson Twp. Bd. of Educ.*, 2023 WL 6690473 (dismissing action challenging ALJ's prehearing order for lack of subject matter jurisdiction); *Haddonfield Borough Bd. of Educ.*, 2023 WL 2237968 (dismissing action seeking interlocutory review of ALJ's pre-hearing order); *Gloucester Twp. Bd. of Educ. v. E.N. on Behalf of A.N.*, 2022 WL 1104848, at *2 (D.N.J. Apr. 13, 2022) (Kugler, J.) (dismissing action seeking to appeal ALJ's pre-hearing partial summary judgment order); *Marlboro Twp. Bd. of Educ. v. H.L.*, 2019 WL 1877394 (D.N.J. Apr. 26, 2019) (Shipp, J.) (dismissing action where ALJ had not yet held due process hearing and no exhaustion

3

required to identify predicate facts in advance of ALJ Morejon and definitively rule on how N.J.A.C. 6A:14-4.1(k) applies to those facts—that is, it would be required to do what the IDEA tells it not to do.

Exceptions to the exhaustion requirement are recognized in four narrow situations: where "(1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 275 (3d Cir. 2014) (citing *Komninos*, 13 F.3d at 778). The District, which has the burden to establish that at least one of these grounds applies, *Jackson Twp. Bd. of Educ.*, 2023 WL 6690473, at *4 n.8, has not done so.

First, the District has not explained why the futility exception would apply, and in any event the administrative proceedings here would serve at least one of the purposes for which they were intended: to "develop[] the record for review on appeal." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 275 (3d Cir. 2014). And even if ALJ Morejon's June 3 order would "distort" (D.E. 1-1, at 15) or "taint[]" (D.E. 10, at 2) the analysis at the due process stage, that does not explain how such a pre-hearing ruling compels a decision in the parents' favor. *Twp. of Marlboro Bd. of Educ.*, 793 F. App'x at 104 ("further proceedings . . . may in fact resolve in the Board's favor"); *Haddonfield Borough Bd. of Educ.*, 2023 WL 2237968, at *5 ("this might all be for naught: [the ALJ] might not enter any relief that the Board believes is unlawful").

Second, the matter before the Court does not present "purely a legal question." The District's arguments are based on the "when" and "why" of the parents' observation requests—

---

exception applied), *aff'd sub nom. Twp. of Marlboro Bd. of Educ. v. H.L.*, 793 F. App'x 101 (3d Cir. 2019); *Hopewell Valley Reg'l. Bd. of Ed.*, 2016 WL 1761991 (declining to reconsider subject-matter jurisdiction dismissal of case seeking interlocutory review of three ALJ rulings in due process case); *M.M.*, 681 F.3d at 1090 (affirming dismissal of complaint challenging pre-hearing order of ALJ in IDEA case).

4

that is, on the specific factual context in which the requests were made. Even the District's framing of this matter as involving a "purely legal question" includes five factual predicates, as to which it proclaims that "the record is complete," notwithstanding the upcoming hearings, at or pursuant to which ALJ Morejon will presumably engage in factfinding. (D.E. 1-1, at 10-11; *see also* D.E. 10, at 1, 2.)

Third, the District doesn't make an argument that ALJ Morejon *cannot* grant relief—only that he rejected the District's position. Fourth, the harm claimed if the District is required to see the due process hearing through is sufficiently rebutted by the parents' explanation of why that harm, even if it might eventually come to bear, is currently hypothetical and not imminent. (*See* D.E. 8-1, at 10-14.)

The parents' motion to dismiss for lack of subject matter jurisdiction is granted. The District's motion for a stay is denied. An appropriate order will issue.

Dated: July 11, 2025                                    *s/ Katharine S. Hayden*
                                                        Katharine S. Hayden, U.S.D.J.